

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0712–18

**MAURICE LAMAR PIPER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

KEEL, J., delivered the opinion of the Court in which HERVEY, RICHARDSON, YEARY, and NEWELL, JJ., joined. KELLER, P.J., filed a concurring opinion in which SLAUGHTER, J., joined. WALKER, J., filed a concurring opinion. KEASLER, J., concurred.

## O P I N I O N

Appellant was charged with murder. The jury convicted him of manslaughter. He claimed on appeal that he was denied effective assistance of counsel because his attorney failed to seek a jury instruction on voluntary conduct under Texas Penal Code Section 6.01(a) and "invited" the trial court to instruct the jury on manslaughter. The court of appeals rejected the ineffective assistance claim because of the presumption that the

attorney performed competently. *Piper v. State*, No. 05-16-01321-CR, 2018 Tex. App. LEXIS 4405 (Tex. App. – Dallas, June 15, 2018) (mem. op., not designated for publication). We granted review to determine whether the record supports the deficient performance aspect of the ineffective assistance of counsel claim. We hold that it does not.

## Background

Appellant armed himself with a pistol and, accompanied by his brother Dominique Hawkins, went to the New Image body shop in order to confront the shop owner, Ron Wadley, about his car; it had been in the shop a long time. Appellant ended up shooting Hardy Wilson.

According to the State's witnesses, Appellant met with Wadley in the body shop's office and told him that he was there for "cash or flesh." Appellant then walked out to the yard where Hawkins told him it was "not worth it" and grabbed Appellant's arm in a futile effort to get him to leave. After Hawkins walked some distance away, Appellant pointed his gun at Wilson and accused him of taking parts from his car. Wilson raised his hands and denied stealing parts from Appellant's car, and Appellant shot him once in the chest.

Appellant, on the other hand, testified that he said nothing about "cash or flesh" but threatened to report the insurance fraud that he, Wadley, and others had engaged in with respect to his car. He had no intention of shooting Wilson, but while he was in the

yard pointing a gun at Wilson, Hawkins unexpectedly grabbed his shoulder and neck, causing the gun to go off.

Before trial, Appellant's attorney told the trial court that he anticipated that the evidence would raise the lesser offenses of manslaughter and criminally negligent homicide and that he would need to qualify the venire on probation. At the end of the trial testimony, the proposed jury charge included an instruction on manslaughter but did not include an instruction on voluntary conduct. The defense did not object to the charge on either account.

In closing argument the defense attorney told the jury that Appellant was credible, and the State's witnesses were not. He maintained that Appellant was not guilty of murder and was at worst guilty of acting recklessly in shooting Wilson:

> "And then you heard – you heard testimony that at that time Dominique grabbed [Appellant] and the gun went off."

> "But from all the evidence you know, he is not criminally responsible for this."

> "And if he did anything his act was reckless, pulling out the weapon itself. He is not responsible for that weapon pulling out, but if you're going to hold him for doing anything it was a reckless act."

### IAC

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). His burden of proof is

by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). IAC claims are fact-dependent. *Id*.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. Rather, the record must affirmatively demonstrate trial counsel's alleged ineffectiveness." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The defendant must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and that it constituted sound trial strategy. *Thompson*, 9 S.W.3d at 813; *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).

To defeat this presumption, an IAC claim "must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The record must show that no reasonable trial strategy could justify counsel's acts or omissions. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). In the face of an undeveloped record, counsel should be found ineffective only if his conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). The record on direct appeal is generally insufficient to show that counsel's performance

was deficient. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

## Analysis

Appellant claims that his attorney should have objected to the charge on two grounds: Its failure to instruct on involuntary conduct and its submission of the lesser offense of manslaughter. He argues that under the evidence presented, he was either guilty of murder or not guilty of anything and that the case should have been submitted to the jury in that manner. He maintains that his attorney misunderstood the law to mean that Appellant was guilty of manslaughter even if the shooting was involuntary and that his failure to pursue an acquittal on grounds of involuntary conduct was not the product of a reasoned strategic choice.

To support his argument about the requirement for an instruction on involuntary conduct Appellant relies on *Brown v. State*, 955 S.W.2d 276 (Tex. Crim. App. 1997). Brown was charged with aggravated assault. He testified that the gun accidentally fired when he was bumped from behind by a third person. *Id*. at 277. This Court held that the trial court should have instructed the jury in accordance with Penal Code Section 6.01(a) because Brown's testimony raised the issue of voluntary conduct. *Id*. at 280. Under Section 6.01(a), "[a] person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."

The State argues that we should overrule *Brown* and hold in accordance with its dissenting opinion that voluntary conduct is an implied element of every offense and not a

defense.  *See Brown*, 955 S.W.2d at 281 (Price, J., dissenting).  We decline to do so in the context of this IAC claim because we must judge the attorney's performance in accordance with the law as it existed at the time of the trial, not as it might later exist.  *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").  Furthermore, we granted review only to address the possibility of the deficient performance aspect of the IAC claim, not the prejudice aspect.  Overruling *Brown* in order to address prejudice would exceed the scope of the review we granted.

It is arguable whether an involuntary conduct instruction was required in this case and whether manslaughter was raised by the evidence.  *See post* at _ (Keller, P.J., concurring) (involuntary conduct not raised); *post* at _ (Walker, J., concurring) (manslaughter not raised).  Assuming that the involuntary conduct instruction was required and that manslaughter was not raised, the record does not demonstrate that no reasonable trial strategy could have justified counsel's failures to object.

Given the weakness of the evidence supporting an involuntary conduct theory – Appellant's testimony versus that of the State's three eyewitnesses – the attorney might have reckoned that Appellant's only realistic chance of avoiding a prison sentence depended on a conviction of a lesser offense and chosen not to object to the jury charge

for that reason.  Such a strategic choice would have justified the failures to object and would not be so outrageous that no competent attorney would make it.  Without any evidence about the basis for the attorney's choices, Appellant's IAC claim must fail.

We affirm the judgment of the court of appeals.

Delivered: September 11, 2019

Do Not Publish